

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: May 02, 2023.**

_____
**CRAIG A. GARGOTTA**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO. 23-50388-cag |
| CARDIAC AND SURGICAL SERVICES § | |
| OF SAN ANTONIO, LLC, § | |
| § | CHAPTER 7 |
| Debtors. § | |
| § | |

### ORDER DENYING DEBTOR'S SECOND MOTION FOR ENLARGEMENT OF TIME TO FILE DEBTOR'S SCHEDULES AND STATEMENT OF FINANCIAL AFFAIRS (ECF NO. 12)

Came on for consideration Debtor's Second Motion for Enlargement of Time to File Debtor's Schedules and Statement of Financial Affairs ("Motion") (ECF No. 12). For the reasons explained herein, the Court concludes the Motion is untimely, and thus must be denied.

Debtor filed for Chapter 7 bankruptcy on April 4, 2023. Federal Rule of Bankruptcy Procedure ("Rule(s)") 1007(c) requires that debtors in voluntary cases must file schedules, statements, and other necessary documents within 14 days of the petition date. Fed. R. Bankr. P. 1007(c). Fourteen days after April 4, 2023 was April 18, 2023. Instead of filing the required

1

documents, Debtor instead filed Debtor's Motion for Enlargement of Time to File Debtor's Schedules and Statement of Financial Affairs ("First Extension") (ECF No. 5) on April 18, 2023. The First Extension requested that the deadline change to April 30, 2023. The Court granted the First Extension ("Order Granting First Extension") (ECF No. 7), signing the proposed form of order submitted by Debtor's counsel. The Order Granting First Extension states that "the time for Debtor to file their Schedules and Statements is extended to April 30, 2023." Debtor then filed the Motion before the Court on May 1, 2023.

The Court must deny the Motion because it is late. Rule 9006(a) provides parameters for computing time periods specified in the Rules, local rules, or court orders, and statutes that do not specify a method for computing time. Fed. R. Bankr. P. 9006(a). "When the period is stated in days or a longer unit of time . . . include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Bankr. P. 9006(a)(1). "Legal holiday" means "the day set aside by statute for observing . . . Washington's Birthday." Fed. R. Bankr. P. 9006(a)(6)(A).

*Smart-Fill Mgmt. Grp. v. Froiland (In re Froiland)*, authored by Judge Mott of this District, stresses the difference between a deadline described in a period of days—for example, fourteen days from entry of the order— and a fixed-date deadline—for example, January 15, 2018. *Froiland*, 589 B.R. 309, 314 (Bankr. W.D. Tex. 2018). *Froiland* concluded that "Bankruptcy Rule 9006(a) does not extend a deadline for filing pleadings when the date is a legal holiday, *if* a fixed-date deadline has been set by order of a court." *Id*. at 315. Because the *Froiland* order had a fixed-date deadline of January 15, 2018, "the inescapable result [was] that the automatic extension of a deadline for a legal holiday under current Bankruptcy Rule 9006(a) simply [did] not apply," even though the deadline was on Martin Luther King, Jr. Day. *Id*. This Court adopted Judge Mott's

2

reasoning in *Arete Creditors Litig. Tr. v. TriCounty Fam. Med. Care Grp. (In re Arete Healthcare, LLC)*, Adversary Case No. 21-05079, ECF No. 37 at 10-11.

Here, the Order Granting First Extension states that the Schedules and Statements are due by April 30, 2023—as opposed to within X days. Because the Court ordered (using the proposed order submitted by Debtor's counsel) the deadline extended to a fixed-date, Rule 9006(a)(1) does not apply. The Rule, therefore, did not automatically extend the Sunday deadline to a Monday deadline. Sunday, April 30, 2023 remained the deadline to file Schedules and Statements. Therefore, the Monday, May 1, 2023 Motion is late.

IT IS THEREFORE ORDERED that the Debtor's Second Motion for Enlargement of Time to File Debtor's Schedules and Statement of Financial Affairs (ECF No. 12) is DENIED.

IT IS FURTHER ORDERED that the denial is without prejudice.

IT IS FURTHER ORDERED that the Clerk of the Court shall immediately cause notice of the entry of this order to be served on all parties in interest in this case.

# # #